650 So.2d 371 (1995)
Deborah S. MELANCON
v.
S. Henry LaROCCA, M.D.
No. 94-CA-639.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1995.
*372 Donna S. Cummings, Cummings, Cummings & Dudenhefer, New Orleans, for plaintiff-appellant.
Chester A. Fleming III, Boggs, Loehn & Rodrigue, New Orleans, for defendant-appellee.
Before KLIEBERT, C.J., and GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This appeal relates to a medical malpractice action. The jury found 9-3 there was no malpractice. We affirm.

BASIC RECORD FACTS AND PROCEDURAL HISTORY
Deborah Melancon, plaintiff, was a patient of Dr. Henry LaRocca, defendant, for neck injuries she received in a 1986 automobile accident. In 1988, Dr. LaRocca offered an anterior cervical fusion in an effort to reduce or eliminate the neck pain she was experiencing. She agreed to surgery, which was performed on October 4, 1988.
This surgery requires the surgeon to approach the cervical spine from the front of the patient, which is accomplished by opening the patient's neck and separating the tissues of the neck to reach the backbone. These tissues are held apart during the surgery by metal retractors. One of the structures held by the retractors is the right recurrent laryngeal nerve, which is "pulled back" along with the windpipe to allow enough room for the surgeon to operate on the spine.
After the surgery, plaintiff testified she awakened with a "strange feeling" in her throat, which had not been present before surgery. She was subsequently diagnosed by her otolaryngologist as having suffered an injury to the right recurrent nerve during surgery on October 4, 1988. The injury was paralysis of the right true vocal cord, which is enervated by the recurrent laryngeal nerve. This paralysis has permanently affected plaintiff's voice. She claims this condition has had a deleterious effect on her career in the Sears Customer Service Department.
Dr. LaRocca died before giving a deposition; thus, there was no testimony by him in this matter. The Medical Review panel found no negligence and this lawsuit followed.
The trial court instructed the jury on the res ipsa loquitur doctrine. The jury returned a verdict in favor of the defendant, Succession of S. Henry LaRocca, M.D. The trial court denied a Motion for New Trial and entered judgment on the jury verdict.

ISSUE PRESENTED FOR REVIEW
The primary issue presented is simply whether the jury erred in declining to find negligence based on the res ipsa loquitur doctrine.

ANALYSIS

Standard of Review
It is a well-settled that we may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong"; where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
More importantly, where a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell v. Esco, 549 So.2d 840 (La.1989).
We see the jury was presented with two theories of how plaintiff's vocal cord sustained injury. Initially, there was an error in the operation by Dr. LaRocca in that there was a deviation in the standard of care by the surgeon by either cutting the recurrent laryngeal nerve, pulling on it too hard with his hand or a retractor, or retracting the nerve against the windpipe too hard or too long, which caused a pressure injury.
Evidence was presented that such an injury should be considered malpractice because of statistics presented in a study by Dr. Thomas Flynn of Louisiana State University. That study included a survey of over 82,000 *373 anterior cervical fusions in the United States. Of these 82,000 surgeries, only 52 injuries to the right recurrent laryngeal nerve were reported, and the majority of those were not permanent. Thus, the plaintiff argues the overwhelming majority of surgeries performed without this effect establishes that the "degree of care ordinarily exercised" is to perform this surgery without injuries to this nerve.
The defendant countered this argument by eliciting testimony that stated this is a known complication of an anterior cervical fusion.
We see the plaintiff argues that it was error for the jury not to find negligence on the part of the defendant based on the doctrine of res ipsa loquitur. Importantly, we must recognize that res ipsa loquitur is not a substantive legal tenet but an evidentiary doctrine under which a tort claim may be proved by circumstantial evidence. See Morgan v. Willis-Knighton Medical Center, 456 So.2d 650 (La.App.2d Cir.1984).
At the outset, we note the plaintiff sets out in brief the four elements which must be demonstrated in order for the doctrine to apply. Specifically, our reading of the case from which plaintiff takes these elements (Novak v. Texada, Miller, Masterson and Davis Clinic, et al., 514 So.2d 524 (La.App.3d.Cir.1987)) reveals one of these elements to be "the accident is of a kind that does not occur in the absence of negligence...." Id., at 527 (emphasis as found in the original).
The record shows Dr. Thomas Whitecloud testified that this type of complication, a recurrent laryngeal nerve injury, can occur in the absence of negligence during the performance of an anterior cervical fusion, and Dr. Charles Billings testified this type of problem is inherent with this procedure.
We do not find error on the part of the jury in failing to find negligence through the application of the res ipsa loquitur doctrine, where there was direct testimony that such an injury can occur in the absence of negligence by the surgeon. Nor was there any testimony which stated definitely the surgeon's negligence caused the injury; rather, every witness stated it was only a possibility among several explanations.
We do not find the findings of the jury to be clearly wrong; rather, they are supported by the evidence. Obviously, the jury chose to believe the testimony in particular of Dr. Whitecloud and Dr. Marks. The jury, as factfinder, is the best evaluator of witnesses' credibility, and its finding should not be disturbed absent manifest error. Rosell v. Esco, supra. Since we do not find the decision to be manifestly erroneous, we affirm the trial court's judgment.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED